Thank you, Mr. Bailiff. This is our case number 419-0714. People of the State of Illinois v. Gavin Masters. The Counsel for Appellant, please state your name for the record. Kurt Wobbleis. Okay, and Counsel for Appellee, please state your name for the record. Sorry, I was muted. Luke McNeil. Okay, thank you, gentlemen. We will then have oral argument to be presented at this time. And Mr. Wobbleis, is it Wobbleis or Lovelace? Wobbleis, Your Honor. Okay, Mr. Wobbleis, you may proceed, sir. Thank you, Your Honor. May it please the Court, on behalf of my client, Gavin Masters, I thank you for this opportunity to appear before you today. Gavin Masters is merely asking for the opportunity to present evidence that he believes will show how the Miller principles apply to him. He is merely asking that the trial court listen to this evidence rather than dismiss his claim as frivolous and without merit. Now, I know these types of cases have received a lot of activity as the Miller cases and the decisions by our own Supreme Court have filtered their way through our appellate system. In fact, several cases have been decided since Gavin filed his appeal and even after the briefs were submitted to the court. So, I would call to the court's attention two cases that I found that the court probably should be aware of. The first being Peoples v. Daniels, 220 Illap, 1st District, 171738. That was an August 21, 2020 decision that came after all of the briefs were filed in this case. Additionally, there's another case out of the 1st District, Peoples v. Gomez, and that's 220 Illap, 1st, 173016. That case was decided on September 11, 2020. I think it's important that we point out that procedurally, appellant's case is different than the defendants in Daniels and Gomez. The cases that I just cited to you and several of the cases cited by the state in their brief, including Handy and White. Gavin's case is coming before the court on his first post-conviction petition. Therefore, he does not have the higher standard of the cause and prejudice test. Daniels, Gomez, Handy, and White all involve successive petitions and the higher cause and prejudice test. Procedurally, even Ramsey, a decision cited by the state, is different. In that case, the court dismissed the claim or his claim at the second stage. Now, Ramsey is a little bit of a weird case because it involves Governor Quinn's commutation of Ramsey's death sentence to life. And although Ramsey was 18, there's really nothing in the record, at least from reading the opinion, regarding his claim as to a de facto life sentence as it applies to him. So, procedurally, Gavin's only required to make a gist of a constitutional claim that he received a de facto life sentence as it is applied to him as an 18-year-old, which he did in his petition. Mr. Lovelace, specifically where in your client's petition does he make an as-applied challenge? Yes, Your Honor. Well, and actually it was what I was going to go to next. in his petition that he was less mature and has an underdeveloped sense of responsibility leading to recklessness, impulsive behavior, and heedless risk-taking, and that he is more vulnerable or was more vulnerable to negative influences and pressures, including from his family and peers. Mr. Lovelace, let me stop you there if I could, please. What I'm getting at is it appears to me in looking at the petition that the only thing that was really presented to the trial court was a facial challenge pursuant to the Eighth Amendment. I don't see anywhere in the post-conviction petition where it is specified that you're making an as-applied challenge. I believe in the petition, and I drafted the petition. I represented Gavin Masters, and I realized, and I think I even noted in there, that as to a facial challenge, that issue has been decided by heirs. And that we were asking the trial court to specifically look at Gavin Masters' situation and the factors that I stated, and that the differences between adults and specifically Gavin Masters as an 18-year-old but yet a juvenile diminishes Gavin's moral culpability and results in increased prospects for conviction. Are you saying that you inferred that you were making an as-applied challenge? Because I don't see anywhere, I don't see the words as-applied challenge anywhere in the post-conviction petition. You do admit, you do indicate that a facial challenge is not sufficient, that that's pretty much been decided by Harris, a facial challenge pursuant to the Eighth Amendment, but I don't see the word as-applied challenge anywhere in the petition. And I also don't see anywhere other than the heading of the Claim 2, where you mention any challenge based on the Illinois Constitution for proportionate penalties. Okay. Your Honor, I do cite Miller in the petition. I would have to look through the petition specifically. I intended it to be an as-applied challenge, and clearly it is alleged as such in the allegations in the case. I ask because I just wonder, did the trial court realize you were trying to make an as-applied challenge? Because I'm always concerned about potentially reversing the trial court over something that maybe the trial court didn't even realize that's what you were asserting. Sure. And I do appreciate that, Your Honor. And then I would ask, I call the court's attention then to a motion for reconsideration that I filed after the judge, Judge Adrian in this case, dismissed the petition. And I'm fairly certain, I don't have that document specifically in front of me, that I pointed out that Harris left open the door for an opportunity for an as-applied challenge. And I totally understand Judge Adrian's decisions based upon, hey, he's 18 years old, and therefore he's an adult, period. That's what the court in Harris decided, and that's what Judge Adrian indicated in his opinion. But I tried to point out to the court that I was making an as-applied challenge specifically as it related to Gavin Masters. And again, that's why those separate allegations as to looking at Gavin Masters and his traits and his development in this case. And that's all I'm asking the court to do. Whether we can sustain this case into an evidentiary hearing, I believe we can. Of course, we would have to make a substantial showing. But I do believe that Gavin Masters deserves that opportunity to present his evidence in this case. And so you're asserting an as-applied challenge pursuant to the proportionate penalties clause of the Illinois Constitution? Absolutely, Your Honor. Absolutely. And nothing else? I don't believe so. Again, I think it was looking at the Eighth Amendment and the proportionality clause. Again, I didn't — the focus in my brief is really whether or not, again, 18-year-olds are even eligible for an as-applied challenge because that appears to be the issue that the court seems interested in, and the courts are batting around that issue. I think everything else is pretty much decided. And again, I would — if there are discrepancies or my petition itself falls somewhat short of saying specifically certain aspects of the case, I would call the court to the attention that this is — that what Gavin is required to do is provide a gist of a claim. And I'm — maybe I'm asking for forgiveness if as-applied is not necessarily stated. I thought it was. But, Your Honor, since you're asking the question, I would say that it's not. But that's definitely what is being alleged in that petition. And that's what I ask the court to reconsider. And just to clarify, I want to make sure — and that's pursuant to the proportionate penalties clause of the Illinois Constitution, your as-applied challenge. Yes. Yes, Your Honor. And with respect to the gist, I take it you don't think that the fact that you're private counsel, not, you know, appointed counsel, that that matters, that you're still only required to make a gist? Yeah. I don't believe that I've come across any law in that area that says there's anything different between a private counsel and a pro se client. Again, I think it's designed that, you know, oftentimes pro se defendants do file, and they don't have the opportunity to research certain aspects of the case. I did research this, and it would be my intent to proceed forward in the circuit court with an as-applied challenge if the court would give me that opportunity. I think the other difference — so, again, we're not dealing with a successive petition, and that seems to be where many of the cases are involved. And I would understand the court's concern about opening the door to successive petitions filed by people who were, let's say, 20 years old when they committed the crime and flooding the courts with these new claims of an as-applied challenge. And, again, this is not a successive petition. This was Gavin Master's first petition, so it is a lower standard. Factually, his case is different than many of the cases that have been dismissed and been upheld by the appellate court. Here, Gavin is 18 years old. His birthday was in February, specifically February 17th, and so he was barely a legal adult and still a teenager at the time of the offense, which was on July 4th. So he was roughly five months into his 18th birthday. And several of the cases that are cited by the state involve defendants who are much older. I would call the court's attention to People v. White, where the defendant was 20 years old when he brutally murdered his grandmother and her friend and then attempted to conceal his involvement in the crimes. Also, People v. Hoover, a second district case, where the court considered a 22-year-old's as-applied sentence. And, again, that case procedurally was on a successive petition and applied the cause and prejudice test. And then also People v. Suggs, who was a defendant who was 23 at the time. And even in the Suggs court, the court concluded that while it may seem but a short step to apply Miller factors to an 18-year-old offender, it is much greater of a leap to extend them to a 21-year-old and even a much greater leap to apply them to a 23-year-old. So, again, I think it's important to recognize that Gavin Masters was just into his 18th birthday on July 4th when this crime occurred. And as I indicated, there have been several cases I've given the court those cases. I would specifically ask the court to review People v. Daniels. I think it's a very well-reasoned decision. That case reversed a decision to dismiss a successive petition. So the defendant in that case was able to overcome the challenges of a cause and prejudice standard. And the court sent that back, recognizing that the next battle would be to whether or not he could show a substantial showing. So, again, this case, I think, does a good job of outlining the various positions the court has taken on this issue. Again, it is a first district case where a lot of these cases were seeing published opinions. The defendant in that case was 19 years old. And the case even refers to some earlier cases where the first district recognized the de facto life challenge as applied. And I believe the reasoning is done well in that case. And additionally, it talks about House, which the state points out in their brief. And so when these dismissals have been upheld by the appellate court, the state has argued and even in some cases courts have accepted House as the case where it differentiates from other defendants. And House looks really at the crime, not so much the defendant himself. In House, the defendant was not actively involved in the crime. He was a lookout. I believe he was 19 years old. And the court took that into consideration. And I think the state and some courts have used that to say that if the defendant is the actual perpetrator of the crime, took an active involvement in the crime that was committed, that somehow he is ineligible as a defendant for this as applied de facto challenge. And I don't believe that that's what the court intended to do when it decided House. I mean, House, I agree with the decision and many courts do agree with the decision. But I don't think it was limited or limiting other 18 or 19 year olds claims to say if you were the actual shooter, then that somehow eliminates your opportunity. Again, I think we have to look at the defendant. And that's the basis of an as applied challenge, to look at specifically the defendant. Was that defendant a juvenile, even though he was 18, according to the science and the evaluation? And I will indicate to the court, and I guess I struggled with this before and I suppose after the dismissal and as I appear before this court today, and I mentioned in my reply brief, we do have a doctor, Dr. Garbarino, who did an evaluation of Gavin Masters and I specifically tailored the petition to match his evaluation. Now, I didn't attach his evaluation to the petition because in looking at the standard, I didn't think it was appropriate to attach it, but I would clearly present that in order to make a substantial showing. And I would call Dr. Garbarino as a witness if we're granted an evidentiary hearing so he can explain to Judge Adrian what he did to make a determination that Gavin Masters is not an adult, that he is a juvenile, and he deserves the protections offered by Miller. And in hindsight, having such a quick dismissal, maybe that should be attached. I think based upon Judge Adrian's ruling, I don't think it would make a difference. I think Judge Adrian viewed this as he did in the sentencing. And there is a brief mention of this, of Gavin's age in the sentencing, that he was 18, therefore he's an adult and he can be sentenced for an adult, and therefore, you know, he's eligible for the minimums and maximums, and in this case, Judge Adrian sentenced him to 115 years. So again, we're merely asking for an opportunity to present Dr. Garbarino and his report and hopefully his testimony for Judge Adrian to consider in determining the true age of Gavin Masters. And for that reason, we would ask that this appellate court send this case back to the trial court so that we can present that report and that evidence. Thank you. And so you're asking that we send it back for a third stage hearing? No, I don't think that would be appropriate. I mean, that's obviously the goal is to get a third stage hearing, but I don't think it would be appropriate for the appellate court to force anything upon Judge Adrian as far as not giving him an opportunity for a second stage. What I would intend to do would be to appear in court with my client, ask for the court for leave to file the report so the court has that in order to make a substantial showing. I'm sure the state will file a motion to dismiss, citing many of the cases cited by the state in their brief, and then we can have that issue. The only way these cases can be decided is that we litigate them, and we need an opportunity for, in our case, the forensic psychologist to speak to these issues. Okay, thank you, Mr. Lovelace. You'll have an opportunity to address us again in rebuttal. Mr. McNeil, are you prepared, sir? Yes, sir. May it please the court? The Harris opinion controls in this case, and I would point to Justice Burke's special concurrence in that case because they were dealing with the same minimum sentence in this case, 76 years. And that means that it really wasn't an as-applied challenge because even assuming defendant got what he wanted and got resentenced, the minimum sentence he could have received would be 76 years. That was the minimum sentence in this case, too, and it sounded like defense counsel at sentencing kind of defaulted that even the minimum sentence meant that the defendant was going to die in prison. So, that sounds an awful lot like a facial constitutional challenge to me, not an as-applied challenge. Mr. McNeil, would you agree that the majority, and it's a little awkward to call them the majority because we have a special concurrence, we don't have a dissent, but would you agree that the majority clearly left the door open for an as-applied challenge? Well, they left a small door open, which House and all the cases in the first district, even as recently as two weeks ago, made into a mile-wide gap. I don't think that the Harris decision meant to basically House and all those other cases, even Franklin and Savage, which are cited in another brief because this seems to be the issue of the day right now. Those cases hold that Harris, even though it rejected the defendant's as-applied challenge, because they rejected it due to a lack of sufficient record, they say that implicitly that means that any record that can support an as-applied challenge, that's available for these young adult offenders, and I don't think Harris should be read that way. Harris does not stand for, even in the majority, they rejected Miller applying to defendants over the age of 18 at all. They say it doesn't have anything to do with evolving science, they're stating the obvious fact that a line has to be drawn, and that's been that way since the U.S. Supreme Court decided Roper. But doesn't that go to a cruel and unusual punishment challenge under the United States Constitution versus an as-applied challenge under the Proportionate Penalty Clause of the Illinois Constitution? I think both of them are, the goal is to apply the Miller factors at sentencing, or on resentencing, correct? I think that that was what the House opinion did, is remanded for resentencing according to those Miller factors. The problem is, when you look at the statutory section, 730 ILCS 5-5-4.5-105, that was the Illinois amendment, or actually it's a new statute they created, for sentencing of individuals under the age of 18. It's basically a codification of those Miller factors that have to be required, or that are required to be considered at sentencing. The problem with that is that that title, the title of that section, is sentencing of individuals under the age of 18 at the time of the commission of an offense. The legislature was well aware of Miller. I mean, this statutory section was created in response to Miller. They could have easily made it under the age of 21, under the age of 25, or whatever. They specifically excluded individuals over the age of 18 from that section's benefits. When I read through House, and they remanded for resentencing, they're going to be in contradiction to this statute, which only applies to those individuals under the age of 18 at the time of the commission of the offense. In House, and in this case, and all of the other cases that followed House, that statutory section simply doesn't apply. When you read that with Harris, I think that that roundly rejects the possibility that Miller applies to individuals over the age of 18 at all, no matter the avenue of challenge. Well, what, Mr. McNeil, what is the purpose of the special concurrence in Harris if the majority does not embrace the possibility of an as-applied challenge pursuant to the Illinois Constitution? The special concurrence from Burke and Harris was to do with the procedure, not really the, he didn't go into the as-applied. He said that this is not an as-applied challenge at all. He said that the court shouldn't have recognized that because defendant was arguing even the minimum sentence was a de facto. But the majority did recognize it as an as-applied challenge that does not have a fully developed record, which is necessary to make a decision on that. Yes, they didn't definitively comment that Miller applied in those sections, though. And I think when you look at the statutory section 4.5-105, I don't think that it's possible for any court in Illinois to apply those Miller factors to people over the age of 18, whether it be proportionate penalties or whether it be Eighth Amendment or as-applied or facial. Simply, Miller doesn't apply to those people over the age of 18. Now, maybe the legislature will amend that section in the future. Maybe it will be a favorable position for defendant in the future. But as the law is right now, and as Harris stated, the law was not, the Miller was not applicable to this defendant because he was an adult at the time. Right, and you're talking about paragraph 45, and I'm going to read it to you. In contrast, defendant in this case was 18 years old at the time of his offenses. Because defendant was an adult, Miller does not apply directly to his circumstances. The record must be developed sufficiently to address defendant's claim that Miller applies to his particular circumstances. That sounds like an as-applied challenge to me. Well, again, I think that's what House considered, but I would submit that House interpreted that wrong. I don't think that Miller can apply, even as-applied, proportionate penalties or whatever, because the defendants are over 18. So you're asking us to adopt the position of the special concurrence in Harris and not the remaining judges? Procedurally, in this case, yes, because in this case, specifically, the minimum sentence was 76 years. Exactly the same amount of sentence, the minimum sentence in Harris. So this really wasn't procedurally an as-applied challenge because, again, even if defendant, let's take it, let's take it a hypothetical all the way through. Defendant gets remanded for resentencing. He's still going to be sentenced to a de facto life sentence at least because he's gone, the minimum sentence is 76 years. And so in paragraph 37 of Harris, when the majority says defendant's claim is an as-applied challenge, how do we get around that? I think that the special concurrence is correct. It's not an as-applied challenge because on its face, there was no way that sentencing scheme could have been constitutional if Miller applied. Miller and Buffer, the Illinois case that decided de facto life sentences, there's no way that could be applied constitutionally in any set of circumstances because the minimum sentence was 76 years, which is above the 40-year de facto life sentence that Buffer established. But also, if defendant was resentenced, he's asking to be resentenced under the statutory section that specifically excludes those over the age of 18. The Miller factors in 4.5-105 is specifically applicable to those individuals under the age of 18. So it's kind of a quagmire as to what would happen procedurally on these remands when the defendants are being resentenced. In this case, of course, I don't think you have to get that far because, again, the 76-year minimum sentence, defendant was ultimately sentenced to 115 years, but the 76-year minimum sentence in this case is clearly a facial constitutional challenge because there's no set of circumstances, and defendants' circumstances in this case don't really matter. But if we do find that House is good law and that this court will follow House, although I would mention this court and Moore just a few weeks ago distinguished House for the sole fact that the defendant in House was convicted under an accountability theory and was not even present at the murder. In this case, if we look at the actual circumstances, if we decide to do the as-applied challenge, this case is especially brutal and heinous. Defendant shot two unarmed people, unprovoked. One of them ended up dying. One of them ended up not being able to walk for the rest of his life. He offered no help to the living victim, and he showed no remorse. So I don't think that it could get any more distinguishable from House where the guy wasn't even present during the murder and was more of a lookout. I have a question about the conviction and sentences in this case. Am I correct that the defendant is found guilty of first-degree murder and attempted first-degree murder? Is that right? Yes. And the jury further found that the state proved the allegation that the defendant personally discharged a firearm that approximately caused the death of another? Yes. And the trial court sentenced the defendant to consecutive sentences of 70 years imprisonment on first-degree murder and 45 years imprisonment on attempted first-degree murder? Yep. Now, pausing right there, what were the minimum sentences statutorily required for a person convicted of these crimes with a finding that he had personally discharged a firearm that approximately caused the death of another? The minimum total sentence was 76 years. Based upon what? Break it down for me. I think it was 25 years each add-on. First-degree murder would be a minimum of 40 years? How does that work? What's the minimum sentence for first-degree murder? Isn't that 20? 20. Okay, so it's 20 years for that. And what's the minimum sentence for attempted first-degree murder? And then 25 add-on for each one. So each one, so that's 25 years for each of those offenses, which are separate, making 50 and then 20 minimum for murder and six minimum for the attempted murder? Correct. And they were imposed consecutively? Yes. Is that the statutory requirement? Yes. So the trial court, upon these convictions and these jury verdicts, was required to impose a 76-year sentence no matter what? Correct. But the court, in fact, imposed 115 years. Yes. So your position is either is the fact or a life sentence and it doesn't really make any difference? Correct. How old was the defendant at the time of the crime, the time of sentencing? 18. At the time of sentencing, I'm not sure. I think it was 19 or 20. Is there any case that has held that what you're arguing now, that the statutory minimums that are required to be imposed, if you can conclude, I guess it's a good argument. It's the fact or life sentence to sentence someone to 76 years is 18 years old. But it makes no difference, therefore, if you give them a greater sentence than 76 years, such as 115 in this case? The special concurrence in Harris is as factually similar as I found, especially because it deals with the exact same minimum sentence. What did the Supreme Court say in Harris about this issue? Well, it held that Miller does not apply because this defendant's over 18. As for the as-applied challenge, as Your Honor, Holder White pointed out, they kind of punted on that issue. They said the record was not sufficiently developed to rule on defendants as applied challenge. So they rejected the as-applied challenge, but for not on the merits. Well, focusing for the moment on the fact that 76 years was the statutory minimum that the trial court was required to impose upon this defendant is, and I'll ask this of Mr. Lovelace during rebuttal. But is your understanding that the defendant's position now before this court is that a 76-year sentence for this defendant is a violation of the Constitution and of either the state or federal constitutions? And therefore, even though the statute might require it, the statute will have to give way because the Constitution prohibits the imposition of that sentence? Yes. In which it sounds to me like a facial constitutional challenge. Because as an applied challenge, if it were to be concerned only with the particular facts of this defendant, as Mr. Lovelace has described them that the trial court would want to consider, if the court found those all compelling, 76 years would have to be the minimum to be imposed. Is that right? Correct. Has any Illinois court embraced a challenge under these circumstances where you have a mandatory sentence that essentially amounts to the fact of life sentence, where the challenge is the statute may require it, and the trial court might be required to impose it, but it's in violation of either the agency or the statute. There are, I don't know if you mean, I don't know if you're familiar with the house case that we're discussing in the more recent first district cases, but those do hold that the as applied challenge, they hold that there should be defendants petitions should not have been dismissed. That's what the, that's what all the cases have held. None have definitively held that, that none have remanded for a resentencing except for house that I'm aware of. So, I'm sorry, you're saying that they've held the defendants petitions were improperly dismissed? Yes, a few cases that were literally decided late September. And what was the explanation for why? They followed house and decided they, they applied the facts and circumstances of that case and went that went the route that that house did that the. It's arguable that the proportionate penalty that the sentence shocked the moral sense of the community, and therefore proportional penalties argument is at least arguable, meaning that the petition should not have been dismissed. In the house was in a situation where we had a de facto life sentence. Yes. I think house was a, an actual life sentence. And so the argument is, was that was statutorily required to wasn't it wasn't it multiple murders. It was yes. Okay, so the argument is that those shocked the conscience and therefore the requirement of imposing a life sentence was in violation of some constitutional provision. Correct. Proportionate. Proportionate penalties, Illinois Constitution. Again, I think, I think that this that house was wrongly decided, I think they misapplied Harris and I don't think that they thought through what would happen upon resentencing because the statutory section that they're supposed to consider is specifically excludes those over the age of 18. It's sentencing factors for individuals under the age of 18 at the time of the commission of the offense. And it also ignores. Again, the statutory minimums like in this case, if defendant was to be resentenced he would at least be sentenced to 76 years again this is a problem with the legislature and not the not the courts of review and I think it needs to be needs to be Follow house to the best of our ability to understand it and apply it in a house said a defendant should be able to have a hearing on whatever these factors are even though the trial court had to impose mandatory life sentence under statute. How do we get around that totally Well house has been repeatedly distinguished based on the outlier facts of that case being It was multiple murder. So he was statutorily required to get life was he wasn't even present at the murder, and he was acting as a lookout while his 17 the 17 year old guy that did pull the trigger was released pursuant to de facto life sentence. The Supreme Court indicates that the trial court imposing natural life sentence error in concluding that the statute required that sentence. The Supreme Court in house. Yes, it's still up for it has. That's a first district case. It's up for PLA. So I'm sorry, I missed Okay, so This way. The Supreme Court hasn't said anything approving of the house analysis yet. Can I answer Yes, go ahead. Um, Don't worry. Your questions. You're Go ahead. That's why I said We as the law stands. Now the trial court properly dismiss this petition because no no Supreme Court authority has has held as house did In this case, and unless unless and until the Supreme Court, Illinois Supreme Court or us or the legislature changes what the sentencing sentencing factors are the age that are required. As of now, the trial court properly dismisses petition because Miller is an applicable Based on Harris and based on the legislative intent. And so it's your position, Mr. Neal that Harris does not require us to at least send this back for second stage to determine if there may be an evidentiary hearing. Yes, absolutely. That's my, that's my position and Harrison that's way. I think that's the only logical position to take when the legislature specifically excluded those over the age of 18 from from the benefits of the sentencing factors. And again, that would be a departure from what the majority has stated in basically adopt a special concurrence That that would not be in again and Harris Harris rejected the as applied challenge. Even we don't even know what if Harris, if the factual if the fact if the record was sufficient to make a determination and Harris. We don't know which way the the Supreme Court would have went They could Can't have a record. If you don't have a hearing right No. Well, no. I mean, unless the yeah there could be some there's been plenty of cases that that whole Miller has been satisfied based on the trial courts consideration of youth and its attendant characteristics, even prior to the Miller factors being being codified It seems that Harris repeatedly refers to an evidentiary record. And in order to have an evidentiary record that would involve the trial court hearing evidence with respect to an as applied challenge and also it seems that do you agree that Harris also leaves open the door of an as applied challenge based on the Eighth Amendment as well. I they in the Eighth Amendment section of Harris, they specifically hold that Miller did not apply because the the defendant was over the age of 18 To the facial challenge. But do they all. They also state that to the extent that defendant may have intended to raise an as applied challenge. Under the Eighth Amendment that claim would fail for the same reason as his challenge under the Illinois Constitution failed because no evidentiary hearing was held and no findings of fact were entered on how Miller applies to the to him as a young adult. Yeah, I think that the there. Yeah, the Eighth Amendment challenge would be still available, I guess, hypothetically under that. But of course, it's a lot. It's be more logical to go with the proportionate penalties. Illinois Constitution argument because of the apparently the lower hurdle. Again, no, no cases has has ruled definitively on that and I submit until that happens that the trial court properly dismiss this petition. Okay, thank you, counsel. Mr. Lovelace you may proceed in rebuttal. So, Thank you. I'm speaking to Justice holder whites, I guess, review of the petition. I pulled up the petition. While the state was arguing, and I guess I would call the courts attention to, I guess, starting at paragraph 52 and then 53 of the petition, where it says, Heaven recognizes that as an 18 year old, he falls on the adult side of the line between juveniles and adults and that a facial challenge to his aggregate sentence under the Eighth Amendment fails. And then paragraph 50 so forces because defendant was an adult Miller does not apply directly to his circumstances and a record must be developed sufficiently to address the claims. Defendants claim that Miller applies to his particular circumstances. So I would agree with your honor that I didn't say Well, I think I did use the word facial in paragraph 53 but did not use the word as applied, but clearly I use the word applies to his particular circumstances. In that paragraph, and then I go on to list the Miller factors and what Gavin alleges in his petition. Then I also pulled up your honor my motion to reconsider, which I filed shortly after the judges ruling. And it looks like on page six of that I speak to the issue of of Harris and I said, and I tell the court or I argued to the court in Harris Supreme Court held that it could not address defendants as applied. The court stated, and I quote, and then I say, therefore, the Illinois Supreme Court has recognized and as applied challenge for young adults Gavin's Miller claim, as stated in his post conviction has an arguable basis, either for a juvenile conviction or for a juvenile conviction. In fact, You heard Mr. McNeil's argument, which he stated what the mandatory statutory sentences were in this case. Is he correct. Yes, yes, your honor. I do agree with that. The trial court had to impose a minimum of 76 years upon these convictions and findings. Yes, according to the lawyer. So let's assume that the court grants you the relief requesting here and even says, we're going to go back and have a new sentencing hearing, which is what you're requesting. Is that correct. And at the sentencing hearing you wish to present various factors pertaining to your client that are, for lack of a better way to put it, mitigating in some fashion, based upon his age and condition. Correct. Okay. You've now done that with the sentencing hearing. What sentence, would you be asking the judge to impose or perhaps explaining to the judge that the court could not impose. Well, your honor, I and I've read Justice Burke's I guess the concurrence in Harris and I understand the state's argument, but what I don't understand is we seem to not be looking at the defendant. And if the defendant was a juvenile, not in age, he's 18, but juvenile psychologically and therefore should be sentenced as a juvenile. What I would be arguing to the trial court is that the trial court cannot impose over a 40 year sentence. That's the position that I'm taking on that. Well, I need you to clarify that for me. Since you mentioned just a few minutes ago that statutorily the trial court would be required to impose a 76 year sentence, the argument that the trial court should deviate from doing so would have to be based upon some constitutional claim. Would it not? It would, your honor, but I think it goes to the defendant. By the way, you can ignore that. We got questions. I think that the the issue is you have to look at the defendant as as the law is applied to him. I've asked you a specific question here, and I want to get your response to that question. In order for the trial court to disregard the statutory requirement that you agreed a moment ago that the court would have to impose a minimum of 76 years, the court would have to could do that only if it were to find that imposing that statutory minimum sentence was unconstitutional. Is that right? I agree. The law says that he should impose the 76 years. And I would be arguing that even that is unconstitutional because as that law is applied to Gavin Masters, who has been the court is determined as a juvenile, even that part of the law is unconstitutional. So you're arguing, in effect, that the statutory Requirements here are unconstitutional. And I guess the in making that argument. It would have to be no matter what the circumstances were. Your client just to permit the court to hear this and decide to deviate. Again, I would go as to the and I'm not trying to be evasive with the courts question just as as far as I understand it, it would be as that law is applied to him. It's unconstitutional as that 76 year year minimum is applied to him. It's unconstitutional and he would, it would have to be somewhere of less than 40 As any court tell what you will be asking the trial court to hold namely that the statutory required minimum sentences for a person over 18 under any circumstances unconstitutional No, I'm not aware that that a court has ruled in the circumstances. And again, I think these cases are moving their way through the appellate process. And, you know, this might be that case that Implicit what you're asking us to do, however, is to reverse the trial court. So that it can conduct a hearing, but It's conducting a hearing. Only if I would think we agree that there's a basis upon which to hold the statutory requirements unconstitutional. Is that right, because if we don't agree with that. What's the point Yeah, I understand that your honor and I and I think Judge Adrian is waiting for guidance from the appellate court here. I, I do. I do believe that and but I believe the case law and is is clearly moving in the direction to recognize the opportunity For an at least an 18 year old to have An evidentiary hearing to determine if he was truly 18 and and and if he were. I mean, if he would have if this crime would have been on February 16 of that year. There are plenty of court cases that would have had limited his sentence. Yeah, I'm sure you've looked into this a lot research and carefully. Are there any cases now pending before the Illinois Supreme Court. Where that court is being asked to decide essentially the question you will be raising to the trial court. If we were to reverse, namely. The statutory scheme for someone 18 years old and faces some of these minimum seven, six years is a violation of some constitutional provision can be disregarded. Is there any such case now pending before the only spring court. I did not review to see what petitions are currently pending before the Supreme Court, but I didn't find any cases where an appellate court had decided Specifically that issue. Now there are plenty of cases out there, whether they're successive petitions. Well, I found the one the successive petition where the courts are sending it back for those evidentiary hearing But I don't believe that there's been a situation where the evidentiary hearing has occurred. The court has found the Defendant to be a juvenile for purposes of sentencing and the court is then faced with a mandatory minimum. Above 40 years and has to make a decision on whether or not in Judge Adrian's case. Well, I can go down to the mandatory minimum of 76 or what I would argue, and that is if you've determined that he's a juvenile, then he cannot be sentenced for more than 40 years Well, the term juvenile psychologically. Correct. And there are. I'm sorry. Go ahead. There are findings, though, that the trial court could make even if it determines that he's a juvenile that would allow the trial court to impose A de facto life sentence. Correct. Because in holding in drawing the line in the sand, so to speak, at 40 years the Supreme Court outlined the necessary findings, the trial court would have to make to go beyond that. Yes, I do. I do understand that that your honor. I have not looked into that specifically because I haven't gotten there yet with this case, but I do understand what what your honor is is indicating and I without researching it makes sense to me. As any have any of the appellate court cases that have Reversed remanded for presentation of Evidence regarding the psychological condition of the relatively young offender at issue discussed the question of Even hinted at the question of how the trial court may have to to grant relief from the fact that life sentence conclude that imposition of a sentence in that case would be in violation of the Constitution. None that I saw your honor. It's just a matter of sending it back to the court. And again, I think it would be the proper role the court to send it back to the trial court to say that, you know, it'd be improper to dismiss it at the first stage, but now you have a second stage and I imagine many of these issues, we will argue At the second stage on the substantial showing and judge Adrian very well could dismiss us at that stage. We'd be back here arguing Some of these very issues. And again, I think that's how the law develops. But unless we get the unless we get to the first stage and at least have that opportunity. We aren't going to develop the law in this area. Well, one other alternative would be to affirm the trial court reject your argument and explain that your argument. Ask us to implicitly conclude That the statutory scheme is unconstitutional for this defendant and we're not going to do it in the Supreme Court of its own mind. Yeah, that would get it in front of me. That that is that is true, your honor. Rather than the procedure you described True, but it doesn't. I don't think it gives the the courts and opportunity to to see these types of cases and see how they develop and and to And to test the science to test what us as litigants have to offer as far as expert testimony and quite honestly then expert testimony on part of the state. As far as what they may offer to say that that Gavin masters was absolutely an adult and and should be sentenced as adults. So last question and reemphasizing in none of that would matter. Unless the trial court will first able to conclude that the statutory scheme was unconstitutional. Otherwise, it's got imposed a 76 year statutory mandate sentence. Right. Right, your honor, but I would be asking the the court to say as Judge Adrian. In this case, I'd say, Judge Adrian, as it applied to a juvenile. In this case, I would, I would be asking him to part from that that the 76 year scheme is unconstitutional unless he can state some factors. Otherwise, and that he impose a sense of no more than 40 years I passed you an awful lot of questions and I thank you for your responses. Is it was there anything further you want to say in rebuttal. Give me another minute, if you wish. No, your honor. I wanted to, again, I think that that that answers it. All the notes that I have. And I think they're very interesting issues and I would love to have the opportunity to further develop this case. And if we end up back in front of your honor. I don't think that's a bad thing. Getting, getting rid of this stuff quickly is not necessarily the best way to resolve these issues. Thank you counsel and thank you, Mr. McNeil, the court will take this matter under advisement and stand in recess.